UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIZABETH ANN MANNING,                    CIV. NO. 10-4943 (PJS/JSM)

    Plaintiff,                    REPORT AND RECOMMENDATION

v.

SA CHALLENGER, INC., BERNICK, LIFSON,
GREENSTEIN, GREENE & LISZT, P.A.,
SARAH KRANS,

    Defendants.

This matter came before the undersigned on Defendant SA Challenger Inc.'s Motion for Summary Judgment [Docket No. 13] and Defendants Bernick, Lifson, Greenstein, Greene & Liszt, P.A. and Sarah Krans' Motion for Judgment on the Pleadings [Docket No. 21]. This matter was assigned to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.1. David J. Krco, Esq. appeared on behalf of SA Challenger, Inc. Jessica Williams, Esq. appeared on behalf of Bernick, Lifson, Greenstein, Green & Liszt and Sarah Krans. Plaintiff Elizabeth Manning made no appearance at the hearing and filed no response to the motions.

Based upon the pleadings and the entire file herein, it is recommended that defendant SA Challenger Inc.'s Motion for Summary Judgment [Docket No. 13] and Bernick, Lifson, Greenstein, Greene & Liszt, P.A. and Sarah Krans' Motion for Judgment on the Pleadings [Docket No. 21] be granted.

**I.     BACKGROUND**

Plaintiff Elizabeth Ann Manning, who is proceeding pro se, sued SA Challenger and Bernick, Lifson, Greenstein, Greene & Liszt, P.A. and attorney Sarah Krans, alleging claims arising out of the foreclosure of the mortgage encumbering an apartment building Manning owned.  Complaint [Docket No. 1].  SA Challenger is a Minnesota corporation and is the present owner and holder of the note and mortgage on the property.  Affidavit of David Krco in Support of Motion for Summary Judgment, Ex. D, ¶¶1, 7 ("Krco Aff.") [Docket No. 16-4] (Amended Order Enforcing Assignment of Rents and Appointing Receiver).  Bernick Lifson Greenstein, Greene & Liszt, P.A. is a Minneapolis, Minnesota law firm that represented SA Challenger in the foreclosure proceedings and Sarah Krans is an attorney practicing with Bernick Lifson (collectively, the "Bernick Lifson defendants").  Bernick Lifson's Memorandum of Law in Support of Motion for Judgment on the Pleadings, p. 2 ("Bernick Lifson Mem.") [Docket No. 23]; Krco Aff., Ex. F (letter from attorney Sarah Krans to Elizabeth Manning and James G. Corriveau) [Docket No. 16-6].

Manning's complaint purported to be an action to quiet title to the property, and alleged that the "Defendants[1] entirely ignore[d] the Plaintiff's valid correspondence and illegally and fraudulently foreclose[d] on Plaintiff."  Complaint, p. 2.  Plaintiff "seeks cancellation of this foreclosure, production of requested documents and documented proof, rescission of this fraudulent and predatory loan, break in the assignment of Mortgage and monetary and statutory damages for Defendants' multiple violations of laws." Id.  Manning contested SA Challenger's ability to foreclose the mortgage based

---

[1]     The Complaint does not distinguish between SA Challenger and the Bernick Lifson defendants in connection with the allegations in the Complaint.

on alleged defects in the chain of ownership of the note and mortgage encumbering the property. Complaint, pp. 2-4. Manning's complaint alleged five causes of action, (1) "[v]iolations of TILA [Truth in Lending Act], Regulation Z; (2) Violations of Real Estate Settlement Procedures Act (RESPA); (3) Violations of SEC Regulations; (4) Violations of Home Ownership and Equity Protection Act [HOEPA]; Violations of Fair Debt Collections Procedure Act. Id., p. 4. There are no allegations in the complaint directed specifically to the Bernick Lifson defendants.

The property at issue is a twelve-unit apartment building located at 1820 5th Ave., Anoka, Minnesota. Krco Aff., Ex. A, ¶5 (Affidavit of Michael Mason, "Mason Aff.").[2] On or about August 14, 2003 Manning (then known as Elizabeth Corriveau) and her husband James G. Corriveau, obtained title to the property by warranty deed recorded August 28, 2003. Id., Ex. B (copy of warranty deed). The apartment building was not Manning's principal residence. Krco Aff., Ex. C, ¶8(A) (Summary Real Estate Disposition describing the Corriveaus' homestead property). On or about August 13, 2003, Manning and Corriveau executed a note to ABN AMRO Mortgage Group, Inc. in the principal amount of $577,500. Krco Aff., Ex. A, ¶3. To secure the note, Manning and Corriveau gave a mortgage on the property to ABN AMRO, which was recorded by the Anoka County Recorder. Krco Aff., Ex. A, ¶6; Mason Aff., Ex. B ("Multifamily Mortgage Assignment of Rents and Security Agreement").

---

[2] Michael Mason, the Vice President of SA Challenger, provided an affidavit in connection with an action in state district court involving the property, discussed more fully in this Report and Recommendation. Mason's affidavit and the accompanying exhibits were submitted as Exhibit A to Krco's affidavit in this matter.

On May 13, 2004 ABN AMRO assigned the note and mortgage to Regency Savings Bank. Krco Aff., Ex. A, ¶7; Mason Aff., Ex. C (Assignment of Mortgage). Regency Savings Bank was the pre-merger predecessor in interest to Park National Bank. Krco Aff., Ex. A, ¶8. On March 1, 2010 the FDIC, as receiver for Park National Bank, assigned the Manning/Corriveau note and mortgage to U.S. Bank, N.A., which then assigned them to SA Challenger. Id.; Mason Aff., Ex. A (Transfer of Lien from the FDIC as receiver for Park National Bank to U.S. Bank and Transfer of Lien from U.S. Bank to SA Challenger).

Manning and Corriveau were divorced in 2006 and Manning was awarded all right title and interest in the apartment building pursuant to the Summary Real Estate disposition,[3] which was recorded in Anoka County on June 2, 2006. Krco Aff., Ex. C, ¶8(C)(2) and final, unnumbered page of Ex. C (Summary Real Estate Disposition and Anoka County recording data). Manning and Corriveau defaulted on their payments and SA Challenger petitioned in state district court, Anoka County, (the "prior action") for the appointment a receiver and assignment of rents, as permitted by the mortgage. Krco Aff., Ex. D, ¶¶9, 10 (Amended Order Enforcing Assignment of Rents and Appointing Receiver, April 20, 2010).

Manning was represented in the prior action by attorney Carl Christensen in the prior action. Christensen opposed SA Challenger's attempt to appoint a receiver and foreclose on the mortgage on the same grounds that Manning has sued SA Challenger in this action—alleged defects in the chain of ownership and assignments of the note and mortgage. Krco Aff., Ex. E (Respondent's Memorandum of Law in Opposition of

---

[3] The summary real estate disposition transferred Corriveau's interest in the property to Manning, but did not release him from his obligations as a mortgagor.

Order Enforcing Assignment of Rents and Appointing Receiver, filed by Christensen in the prior action).

Christensen submitted an affidavit in the prior action, indicating that he had been retained two days before a scheduled hearing, had contacted Sarah Krans (SA Challenger's attorney in the prior action) and had asked Krans for a two-week continuance, which she declined to provide. Krco Aff., Ex. F (Affidavit of Carl E. Christensen). This affidavit appears to have been submitted in connection with a motion for Rule 11 sanctions Christensen brought against Krans for bringing what he described as SA Challenger's meritless claims. Id., ¶8 ("Upon receiving the materials supporting the petition for this hearing, I composed a letter to Ms. Krans to inform her that her claims were without merit and to put her on notice pursuant to Rule 11.")

The state district court rejected Manning's arguments regarding defects in the chain of ownership of the note and mortgage on the property and found that SA Challenger was the present owner and holder of the note and mortgage, through proper assignment of the note and mortgage from U.S. Bank. Krco Aff., Ex. D (Amended Order Enforcing Assignment of Rents and Appointing Receiver), p. 2. The state district court concluded that SA Challenger was entitled to enforce the assignment of rents and to the appointment of a receiver to manage and operate the property. Id., p. 3. SA Challenger's description of the chain of ownership of the note and mortgage in its current motion for summary judgment is consistent with the state district court's findings of fact regarding the chain of ownership of the note and mortgage on the property. Krco Aff., Ex. D; Defendant SA Challenger, Inc.'s Memorandum of Law in Support of Motion

for Summary Judgment, pp. 3-5 ("SA Challenger's Mem.") [Docket No. 15]; Krco Aff., Ex. D.

The state district court enforced the assignment of rents and appointed a receiver by an order issued on April 13, 2010. Krco Aff., Ex. D. The court issued an amended order on April 20, 2010 because the court had inadvertently failed to specify a bond amount to be posted by the receiver. Krco Aff., Ex. D, p. 1. SA Challenger, having been determined by the state district court to be the owner of the property, foreclosed on the mortgage and purchased it at the sheriff's sale on June 23, 2010. Krco Aff., Ex. G (Sheriff's Certificate of Sale). SA Challenger currently owns the property. SA Challenger's Mem., pp. 1, 5. Manning filed her federal lawsuit some six months after SA Challenger acquired the property. See Complaint.

SA Challenger moved for summary judgment on the ground that Manning is collaterally estopped by the state district court's order in the prior action from challenging SA Challenger's right to foreclose on the property. SA Challenger further argued that the statutes Manning claims SA Challenger violated do not apply to Manning's mortgage, which is a commercial mortgage and not a residential mortgage. SA Challenger's Mem., pp. 6-10.

The Bernick Lifson defendants have moved for judgment on the pleadings, also arguing that the statutes under which Manning is proceeding do not apply to Manning's mortgage, but more specifically, that the Bernick Lifson defendants had nothing to do with the underlying mortgage documents and had no responsibility for ensuring that the mortgage documents complied with federal regulations. Bernick Lifson Mem., pp. 4-10. In addition, the Bernick Lifson defendants argued that Manning's complaint alleged no

causes of action against them and "does not even indicate what it is Plaintiff alleges the Bernick Lifson Defendants did incorrectly." Id., p. 2.

Although Manning participated in the meeting required by this Court's Order for Pretrial Conference, she failed to appear at the Rule 16 conference and has not responded to either of the defendants' dispositive motions or the Bernick Lifson defendants' Motion for Sanctions.[4] Pretrial Scheduling Order, p. 1 [Docket No. 12].

## II. DISCUSSION

### A. SA Challenger's Motion for Summary Judgment

#### 1. Summary Judgment Standard of Review

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celeotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). See also Rau v. Roberts, 640 F.3d 324, 327 (8th Cir. 2011). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248). "[I]f the court can conclude that a reasonable trier of fact could return a verdict for the nonmovant, then summary

---

[4] The Bernick Lifson defendants moved for sanctions against Manning for her bad faith in maintaining a meritless suit against them and her abuse of the judicial process, as evidenced in her failure to appear at the Rule 16 conference and otherwise respond to pleadings or to prosecute her claims. Memorandum of Law in Support of Motion for Sanctions, pp. 3-6 [Docket No. 27]. While the Court was prepared to grant the motion, ultimately it denied the motion because the defendants failed to provide the Court with the information necessary to grant sanctions. Order, September 22, 2011 [Docket No. 35].

judgment should not be granted." DePugh, 880 F. Supp. at 656 (quoting Anderson, 477 U.S. at 248).

The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex Corp., 477 U.S. at 322-23; see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256; Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

An opposing party is obligated to respond to a summary judgment motion. Fed.R.Civ.P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed.R.Civ.P. 56(e)(2). Accordingly, if the moving party meets its burden, summary judgment should be granted. Based on the undisputed material facts as presented by SA Challenger, this Court has concluded that SA Challenger is entitled to summary judgment.

### 2. Discussion

Collateral estoppel "precludes parties from relitigating issues which are identical to issues previously litigated and which were necessary and essential to the former resulting judgment." Falgren v. State Bd. of Teaching, 545 N.W.2d 648, 650 (Minn. 1990) (quoting Aufderhar v. Data Dispatch, Inc., 452 N.W.2d 648, 650 (Minn. 1990)). Under Minnesota law, a four-part test is used to determine whether collateral estoppel applies:

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

8

Illinois Farmers Ins. Co. v. Reed, 662 N.W.2d 529, 531 (Minn. 2003).

In addition, when a federal court is confronted with issues that have been litigated in state district court, "[f]ederal courts [must] give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so… ." Allen v. McCurry, 449 U.S. 90, 96 (1980).

Comparing Manning's Complaint with the memorandum of law in opposition to SA Challenger's petition for an order enforcing the assignment of rents and appointment of a receiver, which her attorney submitted on her behalf in the prior action, it is obvious that Manning "cut and pasted" relevant portions of the legal memorandum into her complaint. See Complaint; Krco Aff., Ex. E. This memorandum, coupled with the order issued in state district court, leads this Court to conclude that the state district court was presented with and rejected these facts when it held that SA Challenger was the rightful property owner. Therefore, this Court finds that the issues raised in Manning's Complaint are identical to those raised in the prior action, and that the first prong of the test for collateral estoppel has been met.

Second, the state district court's order was a final and binding adjudication of Manning's claims regarding defects in the chain of ownership of the note and mortgage. Therefore, the prior action resulted in a final judgment on the merits and the second prong of the test has been met. Finally, Manning was a party in the prior action, and had a full and fair opportunity to be heard. Manning's attorney Christensen filed pleadings opposing SA Challenger's motion and contesting SA Challenger's right to the property. Christensen appeared on Manning's behalf at the hearing on SA Challenger's

petition. Krco Aff., Ex. D. Therefore, the final two prongs of the collateral estoppel test have been met.

On these undisputed facts, this Court finds that Manning is precluded by the doctrine of collateral estoppel from relitigating all issues regarding the chain of ownership of the note and mortgage and SA Challenger's right to foreclose on the mortgage. This Court must give preclusive effect to the state district court's decision.

Alternatively, SA Challenger moved for summary judgment on Manning's claims under the Truth in Lending Act ("TILA"), Regulation Z, the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA") and the Fair Debt Collection Practices Act ("FDCPA"), arguing that those statues do not apply to the commercial mortgage at issue in this case. SA Challenger's Mem. of Law in Support of Mot. for Summ. J., p. 8-10. This Court agrees.

TILA and Regulation Z regulate consumer credit transactions, defined as credit extended for personal, family or household purposes. 12 C.F.R. §226.2 (12). However, extensions of credit primarily for a business, commercial or agricultural purpose are exempt from TILA. 15 U.S.C. §1603(1); 12 C.F.R. §226.3(a)(1). Regulation Z of the TILA does not apply to business, commercial, agricultural or organizational credit transactions. 12 C.F.R. 226.3(a). See also Maus v. Toder, 681 F. Supp. 2d 1007, 1017 (D. Minn. 2010) (describing the exemptions from TILA and Regulation Z for commercial and business credit transactions). HOEPA applies to consumer credit transactions that are secured by a mortgage on the consumer's principal dwelling. 15 U.S.C. §1601 (aa)(1) and 15 U.S.C. 1639. The property at issue in this case is an apartment building and was not Manning's homestead or principal residence. Krco Aff., Ex. C, ¶8(A)

(summary real estate disposition describing Manning's homestead as other than the apartment building at issue). SA Challenger has established that the mortgage was for a business and commercial purpose and there is no evidence that the mortgage encumbered Manning's principal dwelling. Therefore TILA, Regulation Z and HOEPA did not apply to the mortgage. For that reason, summary judgment in favor of SA Challenger on those claims is appropriate.

Similarly, the FDCPA applies only to consumer debt, defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.§1692a(6). Again, the only facts before this Court indicate that this was a commercial real estate mortgage, not a "consumer debt" that would invoke the protections of the FDCPA. Summary judgment on this claim is appropriate.

Finally, Manning's Complaint alleged "[v]iolations of SEC [r]egulations" without any further elaboration. Complaint, p. 4. While SA Challenger has moved for summary judgment on this claim, it has alleged that Manning failed to provide any factual support whatsoever for the claim, and the facts as alleged in the complaint do not show any violation of SEC rules. SA Challenger's Mem., p. 9. As a result, it appears to this Court to be more appropriate to analyze this claim under the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted.[5]

---

[5] This analysis does not require the Court to examine any materials other than the four corners of the complaint itself. As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss or motion for

11

To withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S.____,129 S.Ct. 1937 (2009). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading requirement does not require detailed factual allegations. Martin v. ReliaStar Life Ins. Co., Civil No. 09-01578 (MJD/AJB), 2010 WL 1840877 at *8 (D. Minn. 2010) (citing Twombly, 550 U.S. at 555). On the other hand, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S., at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

In summary, the pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (internal quotation marks and

---

judgment on the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999):

y

citations omitted). Manning's Complaint offered absolutely no explanation or factual foundation for her claim regarding SA Challenger's alleged violation of "SEC regulations" except her conclusory statement. This allegation fails to state a claim pursuant to Rule 12(b)(6) and fails to meet the minimal pleading standard of Rule 8 and must, therefore, be dismissed.

In conclusion, Manning is collaterally estopped from relitigating the chain of ownership of the note and mortgage to the property—an issue that was decided in the prior action. Additionally, Manning's claims against SA Challenger based on violations of federal statutes fail as a matter of law and there are no disputed issues of material fact that would preclude summary judgment in favor of SA Challenger on those claims. For all of these reasons, this Court recommends that SA Challenger's motion for summary judgment be granted.

### B. The Bernick Lifson Defendants' Motion for Judgment on the Pleadings

#### 1. Motion to Dismiss Standard of Review

The court reviews a motion for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). Wescott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (noting that the distinction between a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings is "purely formal" because a Rule 12(c) motion is reviewed under the same standard governing Rule 12(b)(6)). As previously noted, the Court generally does not consider materials "outside the pleadings" on a motion to dismiss or motion for judgment on the pleadings. Porous Media Corp., 186 F.3d at 1079. See also Groska v. Northern States Power Co. Pension Plan, NO. CIV. 05–114 (JNE/FLN), 2005 WL 3447619 at *2 n. 1 (D.Minn. Dec.

15, 2005) ("a court must convert a motion for judgment on the pleadings to a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court, see Fed. R. Civ. P. 12(c), unless the materials submitted are matters of public record, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings.") (citations omitted).

The Bernick Lifson defendants submitted four exhibits with their motion for judgment on the pleadings: (1) the affidavit of Michael Mason, filed in connection with the prior action; (2) the state district court's Amended Order Enforcing Assignment of Rents and Appointing Receiver; (3) Respondent's Memorandum in Opposition of Order Enforcing Assignment of Rents and Appointing Receiver (filed by Manning's counsel in the prior action); and (4) Sheriff's Certificate of Sale, containing recording data from the Anoka County Recorder's office. [Docket No. 30]. These documents provided factual background for the Bernick Lifson defendants' motion to dismiss.

The exhibits are matters of public record and this Court may consider them without converting the motion for judgment on the pleadings to a motion for summary judgment. See Stahl v. United States Dep't. of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); Faibisch v. University of Minn., 304 F.3d 797, 802-03 (8th Cir. 2002) ("When deciding Rule 12(c) motions…courts may rely on matters within the public record."); Love Terminal Partners v. United States, 97 Fed. Cl. 355, 385 (Fed. Cl. 2011) (pleadings in a related case and a copy of a state court judgment granting a party possession of a property fall within "the narrowly defined category of materials a court can consider without converting a[n] FRCP 12(b)(6) motion to one for summary

judgment."); Biomedical Patent Mgmt. Corp. v. California Dep't of Health Servs., 505 F.3d 1328, 1331 (Fed. Cir. 2007) ("[C]ourt filings…are matters of public record… ."); United States ex. rel. Dingle v. Bioport Corp., 270 F. Supp. 2d 968, 972 (W. D. Mich. 2003) (public records and government documents are generally considered "not to be subject to reasonable dispute" and the court may take judicial notice of such records without converting a Rule 12(b)(6) motion to a motion for summary judgment.).

### 2. Discussion

Applying the pleading standards required by Rule 8 as previously described, it is obvious that Manning's Complaint against the Bernick Lifeson defendants does not meet the Rule 8 standard. The Complaint contains no allegations against these defendants. This Court's best guess as to why Manning named Bernick Lifson and Sara Krans as defendants is because they represented SA Challenger in the prior action and Manning somehow feels aggrieved by their actions, as did Christensen when he sought or threatened to seek Rule 11 sanctions against Krans. When the Court is forced to guess as to the factual basis of Manning's complaint against these defendants, it is clear that Manning has failed to meet her obligation to allege facts that state a plausible claim for relief.

Furthermore, to the extent that the causes of action that Manning has brought against SA Challenger could be imputed to the Bernick Lifson defendants, those claims must be dismissed for the reasons described in connection with SA Challenger's motion for summary judgment. Finally, Manning did not respond to the Bernick Lifson defendants' motion. Dismissal of her claims is also warranted on that basis.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that there are no genuine issues of material fact that preclude granting SA Challenger's motion for summary judgment on Manning's claims against it. The motion should be granted. In addition, Manning's Complaint has failed to state a claim on which relief can be granted against the Bernick Lifson defendants pursuant to Rule 12(b)(6) and 12(c). Therefore, the Complaint should be dismissed with prejudice against all defenants.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein:

1. SA Challenger's Motion for Summary Judgment [Docket No. 13] be GRANTED;

2. Bernick Lifson Greenstein, Greene & Liszt, P.A. and Sarah Krans' Motion for Judgment on the Pleadings [Docket No. 21] be GRANTED;

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: October 17, 2011                         *Janie S. Mayeron*
                                                JANIE S. MAYERON
                                                United States Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 31, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.